[Cite as *Srokowski v. Shay*, 2014-Ohio-3145.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100739**

---

# TED SROKOWSKI

PLAINTIFF-APPELLEE

vs.

# MICHAEL SHAY, ET AL.

DEFENDANTS-APPELLANTS

[Appeal by City of Cleveland]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803051

**BEFORE:** Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law
City of Cleveland - Law Department
William M. Menzalora
Chief Assistant Director of Law
Alejandro Corts
Aikaterini Houston
Assistant Directors of Law
601 Lakeside Avenue - Room 106
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Brendan Delay
Ann F. Dewerth
24500 Center Ridge Road - Suite 160
Westlake, Ohio 44145


**Also Listed:**

**For McNulty's Bier Markt, Bar 25, L.L.C.**

Michelle L. Gorman
200 Stanton Boulevard - Suite 100
Steubenville, Ohio 43952

**For Michael Shay**

James L. Glowacki
James J. Imbrigiotta
Glowacki & Imbrigiotta, L.P.A.
7550 Lucerne Drive - Suite 408
Middleburg Heights, Ohio 44130

MARY EILEEN KILBANE, J.:

{¶1} This interlocutory appeal arises from a complaint filed by plaintiff-appellee Ted Srokowski ("Srokowski") against the City of Cleveland ("Cleveland" or "the City"), various Cleveland police and corrections officers, McNulty's Bier Markt, Bar 25, L.L.C. ("Bier Markt"), and Bier Markt employees, for injuries sustained in the course of an arrest. The City appeals from the order of the trial court that dismissed approximately 14 of Srokowski's claims for relief, but denied the motion to dismiss as to Srokowski's claims for negligent infliction of emotional distress and negligence. In light of our duty when reviewing a motion to dismiss filed pursuant to Civ.R. 12(B)(6), to accept as true all material allegations of the complaint and make all reasonable inferences in favor of Srokowski, we conclude that the trial court properly held that it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim for negligent infliction of emotional distress and negligence. Therefore, we affirm the order insofar as it denied the City's motion to dismiss as to these two claims for relief.

{¶2} On March 14, 2013, Srokowski filed a complaint against Cleveland Police Officer Michael Shay ("Shay"), individually and in his official capacity, two other unknown Cleveland police officers in their official capacities, an unknown correction officer, the City, the Bier Markt, and an employee of the Bier Markt. As is relevant herein, Srokowski alleged that Shay and John Doe I "were at all times relevant herein[, detectives] of the Cleveland Police Department and acting under the color of law," and

were "providing security for McNulty's Bier Markt as a Cleveland Police Officer," and that:

> 8. At all times relevant herein, the named individual Defendants Michael Shay, John Does I and II, and John/Jane Doe III, were acting in an official capacity as employees and/or agents of their employer and the conduct the subject of this action occurred within the scope of their duties.
>
> * * *
>
> 16. Plaintiff Ted Srokowski fell asleep at a basement booth [at the Bier Markt.]
>
> 17. Defendant Michael Shay, who was wearing a Cleveland Police Department uniform, was providing security for the Bier Markt.
>
> 18. At approximately 1:50 a.m., 40 minutes before closing time, Defendant Shay grabbed Plaintiff Ted Srokowski, who was * * * asleep in the booth, dragged him across the floor, forcibly threw Plaintiff Ted Srokowski to the ground and smashed his face into the floor.
>
> 19. Defendant Shay and John Doe I handcuffed Srokowski and repeatedly banged Mr. Srokowski's head into the cement after he was handcuffed, injuring his head and face.
>
> * * *
>
> 30. Plaintiff Ted Srokowski was secreted away from his family and then held prisoner in an upstairs room of the Bier Markt until more officers came to get him to take him outside [and then transported him to jail].

**{¶3}** Srokowski set forth a total of 18 claims for relief, including claims against the City for assault, battery, deprivation of civil rights and excessive force, false imprisonment, negligence, negligent and intentional infliction of emotional distress, civil conspiracy, spoliation of evidence, abuse of process, defamation, and invasion of privacy, negligent hiring, training, supervision and discipline of officers, negligent failure to

provide medical treatment, and respondeat superior. He also set forth claims against the individual police officers for willful, wanton, malicious, and reckless conduct, as well as claims against the Bier Markt and its employees.

**{¶4}** On June 17, 2013, the City filed a motion to dismiss pursuant to Civ.R. 12(B)(6), claiming that it is entitled to immunity pursuant to R.C. Chapter 2744. In opposition, Srokowski argued that the complaint was sufficient for purposes of notice pleading, and that it alleged that the officers' conduct was malicious, wanton and reckless.

**{¶5}** On November 12, 2013, the trial court granted the City's motion to dismiss in part, and denied it in part in an order that stated:

> [T]he only applicable exception to immunity in this fact pattern is whether the "negligent acts of an employee with respect to proprietary functions of the political subdivision" caused the injury. Due to the nature of defendant Shay's employment at the time of the incident, a police officer serving as a security guard at a private establishment, it is unclear whether or not he was acting in a governmental or proprietary function. Normally, provision of police services is a governmental function. However, an action is a proprietary function if it "promotes or preserves the public peace and involves activities that are customarily engaged in by nongovernmental persons." Since defendant Shay was providing private security, he may have been acting in a propriety function. The city * * * argues that if defendant Shay was engaged in a governmental function there is no exception to immunity that would serve to remove immunity from the city, and if the action was proprietary then the actions of the officer were not plead as negligence, but as intentional actions, and therefore the city is immune. As there are insufficient facts to determine if Officer Shay was acting pursuant to a governmental or proprietary function, only those allegations of intentional torts may be dismissed against the city.

> Claims against all other defendants remain pending in their entirety. * * *

> Plaintiff's claims of negligent infliction of emotional distress and

negligence remain against the city only to the extent that the alleged injury was caused by the city's employee in the performance of a proprietary function.

**{¶6}** The City appeals, and assigns the following error for our review:

The trial court improperly denied the City of Cleveland's right to immunity under R.C. 2744.02(A)(1). Because Officer Michael Shay was engaged in a "governmental function" as defined by R.C. 2744.01 to include "[t]he provision of nonprovision of police * * * services or protection," the City is immune from Plaintiff's negligence and negligent infliction of emotional distress claims.

**{¶7}** The City argues that the complaint in its entirety fails to state a claim against the City because, as a matter of law, Shay and the other City defendants were acting in a governmental function at the time of the incident.

Standard of Review

**{¶8}** On appeal, this court applies the de novo standard of review in ruling upon a trial court's ruling on a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶9}** Pursuant to Civ.R. 12(B)(6), a complaint is not subject to dismissal for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle

the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Therefore, "[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶10} In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York* at 145.

{¶11} The question of whether a governmental employee or political subdivision is entitled to this statutory immunity is a question of law for a court's determination. *Conley v. Shearer*, 64 Ohio St.3d 284, 291, 595 N.E.2d 862 (1992); *Feitshans v. Darke Cty.*, 116 Ohio App.3d 14, 19, 686 N.E.2d 536 (2d Dist.1996).

Political Subdivision Immunity

{¶12} In order to determine whether a political subdivision enjoys immunity under the Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, we employ

the three-tiered analysis. *See Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. A general grant of immunity is provided within the first tier, which states that

> a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1).

{¶13} The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to overcome the general grant of immunity. *Id.* at ¶ 8. These exceptions include negligent operation of a motor vehicle, negligent performance of a proprietary function of the subdivision, negligent failure to keep a road in repair, negligence related to defects at governmental buildings, and liability imposed by statute. *Id.* If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense to that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Id.* at ¶ 9.

{¶14} Regarding a Civ.R. 12(B)(6) motion involving political subdivision immunity, the Tenth District noted:

> In Ohio, a notice-pleading state, the plaintiff need not prove his or her case at the pleading stage. * * * Thus, a plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage. * * * Requiring a plaintiff to affirmatively demonstrate an exception to immunity at this stage would be tantamount to requiring the plaintiff to overcome a

motion for summary judgment at the pleading stage. * * * Instead, a plaintiff must merely allege a set of facts that, if proven, would plausibly allow for recovery.

(Citations omitted.) *Scott v. Columbus Dept. of Pub. Utils.*, 10th Dist. Franklin No. 10AP-391, 2011-Ohio-677, ¶ 8.

{¶15} In undertaking the first tier of the analysis in this case, we note, as a preliminary matter, that R.C. 2744.01(C)(2)(a) states that a "'governmental function' includes * * * [t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection[.]" In addition, a proprietary function must satisfy both of the following:

(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;

(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.

{¶16} The Ohio Supreme Court has held, however, that when a political subdivision's acts go beyond governmental functions, and when it acts in a proprietary nature, there is little justification for affording immunity to that political subdivision. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 559, 2000-Ohio-486, 733 N.E.2d 1141. "Having entered into activities ordinarily reserved to the field of private enterprise, a [political subdivision] should be held to the same responsibilities and liabilities as are private citizens." *Id.*, quoting *Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 37, 426 N.E.2d 784 (1981). The *Liming* court quoted at length

from the earlier case of *Wooster v. Arbenz*, 116 Ohio St. 281, 284-285, 156 N.E. 210 (1927), and stated:

> In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires, or contagion, or preserving the peace and health of citizens and protecting their property, * * * the function is governmental, and if the municipality undertakes the performance of those functions, whether voluntarily or by legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to * * * immunity * * *.   If, on the other hand, there is no obligation on the part of the municipality to perform them, but it does in fact do so for the comfort and convenience of its citizens * * * and the city has an election whether to do or omit to do those acts, the function is private and proprietary.

> Another familiar test is whether the act is for the common good of all the people of the state, or whether it relates to special corporate benefit or profit.

> The *Wooster* court expounded that "if the function being exercised is proprietary and in pursuit of private and corporate duties, for the particular benefit of the [municipal] corporation and its inhabitants, as distinguished from those things in which the whole state has an interest, the city is liable."  116 Ohio St. at 284, 156 N.E. at 211.

*Id.*

{¶17} Moreover, "[i]n the absence of an explicit statutory definition, whether a function is governmental or proprietary must be determined by 'defining what it is that

the political subdivision is actually doing when performing the function.'" *Kenko Corp. v. Cincinnati*, 183 Ohio App.3d 583, 2009-Ohio-4189, 917 N.E.2d 888, ¶ 27 (1st Dist.), quoting *Allied Erecting & Dismantling Co. v. Youngstown*, 151 Ohio App.3d 16, 2002-Ohio-5179, 783 N.E.2d 523, ¶ 23 (7th Dist.).

**{¶18}** In this matter, the City insists that the complaint alleges a matter that occurred in connection with a governmental function. However, in examining the allegations of the complaint, Srokowski has alleged that Shay, who was wearing a Cleveland police uniform, was providing security for the Bier Markt, took a sleeping Srokowski, who was face down on a table, dragged him across the floor, forcibly threw him to the ground and smashed his face into the floor, banged Srokowski's head into the cement after he was handcuffed, brought him to an upper room of the Bier Markt, and held him there for a period of time. He was later arrested, booked into jail and incarcerated.

**{¶19}** From these allegations, it is not clear beyond doubt that Srokowski can prove no set of facts in support of his claim that would entitle him to relief. In this early stage of the proceedings, accepting as true all material allegations of the complaint and making all reasonable inferences in favor of Srokowski, it is not clear beyond dispute that this matter involves a governmental function. Further, Srokowski has asserted claims for negligent performance of a proprietary function, and negligent infliction of emotional distress, as is germane to the second tier of the immunity analysis.

**{¶20}** Accordingly, we cannot say, at this early stage of the proceedings, that from the four corners of the complaint, there is no set of facts consistent with the Srokowsi's complaint that would allow him to recover on the claims for negligent infliction of emotional distress and negligence. Therefore, the trial court's ruling on the City's motion to dismiss, which dismissed 14 of Srokowski's other claims for relief, applied the proper standard, correctly construed all material allegations of the complaint in favor of Srokowski, and properly held that it cannot be said beyond doubt that Srokowski can prove no set of facts in support of his claim that would entitle him to recover on the claims for negligent infliction of emotional distress and negligence. We therefore affirm the order insofar as it denied the City's motion to dismiss as to these two claims for relief.

**{¶21}** The City's assignment of error is without merit.

**{¶22}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR